**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
:
CHARLES LLEWLYN *aka* :
OWEN ODDMAN, :
: Civ. No. 18-14765 (RMB)
Petitioner :
:
v. : **OPINION**
:
:
DAVID ORTIZ, :
:
Respondent :
_____:

**BUMB,** United States District Judge

On January 18, 2019, the Court administratively closed this action until expiration of Standing Order 18-4, which stayed this matter during the Government shutdown. Standing Order 18-4 has expired. The Court will reopen this matter.

On October 9, 2018, Petitioner Charles Llewyln, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner asserts that jurisdiction is proper under 28 U.S.C. § 2241 because he is challenging an expired federal sentence and § 2255 is not available to individuals who have "completely expired their federal

sentence." (Id. at 9.) Petitioner raises six grounds for relief, challenging his September 28, 2000 conviction and sentence imposed in the Southern District of Florida, Case No. 00-CR-06022-DMM-1. (Pet., ECF No. 1 at 4.)[1]

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, applicable here for the reasons discussed below, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

I. BACKGROUND

The United States District Court, Southern District of Florida, entered a Judgment in a criminal case against Petitioner on September 28, 2000, upon Petitioner's guilty plea to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. United States v. Llewyln, 00-cr-06022-DMM, (S.D. Fla. Sept. 28, 2000.) ("Crim. Action 6022")[2] Petitioner appealed to the Eleventh Circuit Court of Appeals, which

---

[1] Petitioner asserts that he is currently serving a sentence imposed in the Western District of North Carolina in Case No. 4-96-Cr-53-1. (Pet., ECF No. 1 at 1.)

[2] Available at www.PACER.gov.

affirmed his conviction and sentence on May 25, 2001. (Crim. Action 6022, ECF No. 242); U.S. v. Llewlyn, 260 F.3d 626 (Table) (11th Cir. May 25, 2001). The District Court for the Southern District of Florida denied Petitioner's motion under 28 U.S.C. § 2255 on September 4, 2001. (Crim. Action 6022, ECF No. 243.)

Petitioner attempted to use Federal Rule of Criminal Procedure 12(b) to attack his conviction and sentence after his direct appeal and § 2255 motion were unsuccessful. (Crim. No. 6022, ECF No. 299.) The Eleventh Circuit dismissed for lack of jurisdiction because Petitioner's Rule 12(b) motion was the functional equivalent of a successive § 2255 motion, and Petitioner had not obtained leave to file such a motion. (Id.)

II. DISCUSSION

The Court must first determine whether it has jurisdiction under 28 U.S.C. § 2241. "[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). Congress, however, provided a savings clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.)

There is an exception to the general rule that a petitioner must challenge his conviction and sentence in the sentencing court
3

under § 2255, if the petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702 (3d Cir. 2018) (per curiam) ("[w]e have thus far recognized only one narrow circumstance in which the § 2255 remedy is inadequate or ineffective.") A remedy under § 2255 is not inadequate or ineffective because the sentencing court does not grant relief or the one-year statute of limitations has expired. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Petitioner claims he is "actually innocent" because he could not conspire with a government informant. (Pet., ECF No. 1, Ground Five.) An actual innocence claim may be brought in a § 2255 motion, therefore § 2241 is not the only vehicle to advance such a claim. Marmolejos v. Holder, 358 F. App'x 289, 290 (3rd Cir. 2009) (per curiam). Petitioner had a fair opportunity to assert his claims under § 2255 and his lack of success and the subsequent expiration of his sentence do not entitle him to raise his claims under the savings clause in § 2255(e). See Cradle, 290 F.3d at 539 ("[t]he [savings clause] exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.")

III. CONCLUSION

The Court lacks jurisdiction over this § 2241 petition. The

4

Court will dismiss this matter with prejudice.

An appropriate order follows.


Dated: February 8, 2019

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**